UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4045 GAF (JCx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | US Bank National Association v. Pepito V Milan et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

### ORDER REMANDING CASE

Plaintiff U.S. Bank National Association as trustee for SARM 05-19XS ("U.S. Bank") filed this unlawful detainer action against Defendant Pepito V. Milan ("Milan") in Los Angeles County Superior Court on March 16, 2011. (Docket No. 1, Not. of Removal, Ex. A [Compl.].) On May 11, 2011, Milan removed the action to this Court on the purported basis of federal question jurisdiction. (Not. ¶¶ 2, 11.)

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Thus, a court may remand a case sua sponte for lack of subject matter jurisdiction. Scofield v. Ball, No. 11-0378, 2011 WL 830104, at *1 (S.D. Cal. Mar. 4, 2011) (citing Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984)). When a case is removed, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is proper only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Generally speaking, the two ways a party may bring a case within the jurisdiction of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4045 GAF (JCx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | US Bank National Association v. Pepito V Milan et al | | |

federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., <u>California Practice Guide: Federal Civil Procedure Before Trial</u> § 2:2, at 2A-1 (2006). Neither basis for jurisdiction is present in this case.

### 1. *Federal Question*

Milan contends that this action presents a federal question, and thus that federal question jurisdiction exists under 28 U.S.C. § 1331. (Not. ¶ 11.) In particular, Milan contends that U.S. Bank violated several federal laws, including the Truth in Lending Act and the Real Estate Settlement Procedures Act. (<u>Id.</u> ¶ 7.) According to Milan, "[d]ue to [U.S. Bank's] failure to comply with [those] statutes, the subject property was improperly and illegally sold which has ultimately resulted in the unlawful detainer case . . . wherein [Milan] contends should be removed to the U.S. District Court so the underlying title claims made pursuant to Federal and State laws may be adjudicated." (<u>Id.</u> ¶ 8.) Milan also indicates that he would like to bring a cross-complaint against U.S. Bank to assert claims under federal law. (<u>Id.</u> ¶ 10.)

The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented **on the face of the plaintiff's properly pleaded complaint.**" <u>Id.</u> (emphasis added). A federal defense does not give rise to federal-question jurisdiction. <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 14 (1983). "It is also immaterial that a counterclaim, cross-claim, or third party claim may raise a federal question." <u>HSBC Bank, NA v. Letrado</u>, No. 10-9422, 2011 WL 781624, at *1 (C.D. Cal. Feb. 25, 2011).

U.S. Bank's complaint states a single claim for unlawful detainer under California law. An unlawful detainer action does not arise under federal law. See <u>Indymac Federal Bank, F.S.B. v. Ocampo</u>, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where complaint stated only an unlawful detainer claim). The fact that Milan seeks to assert federal defenses and/or cross-claims does not give rise to federal question jurisdiction. See <u>Franchise Tax Bd.</u>, 463 U.S. at 14.

Milan also suggests that federal question jurisdiction exists because he seeks to consolidate this suit with an unlawful foreclosure class action pending in this Court in which Plaintiff is a class member. (Not. ¶¶ 9, 10.) The existence of a related class action over which this Court has jurisdiction does not give rise to jurisdiction over this case. <u>Fabricius v. Freeman</u>,

JS - 6
LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4045 GAF (JCx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | US Bank National Association v. Pepito V Milan et al | | |

466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); accord Chase v. Auerbach, No. 94-5892, 1994 WL 590588, *1–2 (E.D. Pa., Oct. 26, 1994).

For these reasons, the Court lacks federal question jurisdiction over this unlawful detainer action.

### 2. *Diversity Jurisdiction*

The Court also lacks jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Federal courts have jurisdiction on the basis of diversity of citizenship where the matter is between citizens of different states and the amount in controversy exceeds $75,000, not including interest and costs. 28 U.S.C. § 1332(a). Even if U.S. Bank and Milan are citizens of different states, the amount in controversy in this case does not exceed $75,000. The face of the complaint plainly states that "the demand does not exceed $10,000." (Compl. at 1.) This establishes that the amount in controversy does not even come close to the minimum $75,000 threshold for diversity jurisdiction. See U.S. Bank Nat'l Ass'n v. Bravo, No. , 2009 WL 210481, at *3 (C.D. Cal. Jan. 23, 2009) (finding no diversity jurisdiction where "the complaint expressly disclaims any relief in excess of $10,000 (quoting U.S. Bank Nat'l Ass'n v. Belle, 2008 U.S. Dist. LEXIS 54293, at *3 (C.D. Cal. July 8, 2008))). The Court accordingly also lacks jurisdiction on the basis of diversity of citizenship.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**